STEVEN H. MUSTOE (*pro hac vice* forthcoming)
SCOTT J. STROHM (*pro hac vice* forthcoming)
**EVANS & DIXON, LLC**
10851 Mastin Boulevard, Suite 900
Overland Park, KS 66210
Telephone: 913.701.6810 | F: 913.341.2293
copyright@evans-dixon.com

MATTHEW R. LEWIS (Bar No. 324812)
**KUNZLER BEAN & ADAMSON, PC**
4225 Executive Square, Suite 600
La Jolla, CA 92037
Telephone: (619) 365-9110
mlewis@kba.law

PERRY S. CLEGG (*pro hac vice* forthcoming)
RYAN BELL (*pro hac vice* forthcoming)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 994-4646
pclegg@kba.law
rbell@kba.law

*Attorneys for Plaintiff Joseph Tomelleri*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. TOMELLERI, <br><br> Plaintiff, <br><br> v. <br><br> DMB ASSOCIATES, INC.; DMB DEVELOPMENT, LLC; DMB/HIGHLANDS GROUP, LLC; LAHONTAN, LLC.; LAHONTAN GOLF CLUB; DMB REALTY, INC.; MARTIS CAMP REALTY, INC.; <br><br> Defendants. | No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

1

**COMPLAINT**

1   Plaintiff Joseph Tomelleri, by and through his attorneys, submits this Complaint for
Copyright Infringement and, in support thereof, alleges the following:

### GENERAL NATURE OF THE CASE

1. This case involves copyright infringement of the fish illustration of a Lahontan cutthroat trout created and owned by Joseph Tomelleri.

2. The following is an accurate copy of Plaintiff's copyrighted illustration flipped horizontally:



3. Defendant DMB Associates, Inc and its various affiliated entities have for many years used the following brand logo that is strikingly similar to that of Mr. Tomelleri's:



2
**COMPLAINT**

4. Defendants created this brand logo by copying Mr. Tomelleri's Illustration and used it to advertise and market its real estate golf club development located in the North Lake Tahoe area.

**PARTIES, JURISDICTION, AND VENUE**

5. Plaintiff is an individual residing in Johnson County, Kansas, and is one of the world's most renowned fish illustrators.

6. Defendant DMB Associates, Inc. ("DMB") is an Arizona corporation in the business of developing large real estate developments; one such development is a golf course community located near Truckee, California, which is commonly known as "Lahontan."

7. DMB Development LLC is a Delaware limited liability company, which is an affiliated company of DMB that also has owned and developed property in Lahontan.

8. Defendant DMB/Highlands Group, LLC ("DHG") is an Arizona limited liability company, which is an affiliated company of DMB that has owned and sold real property in Lahontan.

9. Defendant Lahontan, LLC ("LLLC") is an Arizona limited liability company, which has owned and assisted in the development of Lahontan.

10. Defendant Lahontan Golf Club ("LGC") is a California corporation, which owns and operates the golf course and other amenities in Lahontan.

11. Defendant DMB Realty, Inc. ("DRI") is a dissolved California corporation, formerly known as Premier Coastal Properties, Inc., formerly known as Lahontan Realty, Inc., which marketed and sold real properties within Lahontan.

12. Defendant Martis Camp Realty, Inc. d/b/a Lahontan Realty is a California corporation formerly known as MC Realty, Inc. ("MCR"), which now markets and sells real properties within Lahontan.

13. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and other related federal causes of action.

14. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §1338(a) and 28 U.S.C. §1331 because the action arises under federal copyright law.

15. This Court has personal jurisdiction over Defendants because each Defendant is incorporated/organized in the State of California or has maintained minimum contacts with the State of California, including the operations as set forth herein, from which this cause of action has arisen.

16. Venue is proper in the Eastern District of California under 28 U.S.C. §1400(a), because each of the Defendants and or their respective agents reside or may be found in this judicial district.

### TOMELLERI AND LAHONTAN CUTTHROAT TROUT

17. Plaintiff Tomelleri is recognized by biologists, museums, ichthyologists, and other experts in the field as one of the world's preeminent fish artist and illustrator.

18. Over the last 35 years Plaintiff has created and published over 1300 separate fish illustrations, including the Lahontan cutthroat trout illustration at issue in this case.

19. In 2010, Plaintiff was inducted into the Freshwater Fish Hall of Fame for his work as a fish illustrator.

20. Plaintiff's illustrative process involves his expertise gained from many years of education, his observations of fish in the wild, and obtaining and preserving specimens.

21. Plaintiff hand draws his works.

22. He incorporates his own expression of color patterns, fin arrangements and other characteristics he believes most significant for a particular fish species in a particular life cycle phase.

23. Plaintiff's illustrations have been published in many scientific studies, journals, books, magazines, and fish identification guides.

24. In 1990, Plaintiff created an illustration of Lahontan cutthroat trout, also sometimes called the spotted trout due to the profuse black spotting over its dorsal and posterior features (the "Work").

25. Plaintiff's Work is comprised of numerous original patterns, arrangements, and combinations of creative elements, including original arrangements of spotting patterns, fin and body positions, and other original artistic features drawn by Plaintiff.

26. The Work was first published in 1991 within the Trout Guide of Sierra Nevada, authored by Ralph Cutter.

27. Plaintiff has registered his copyrights in the Work with the U.S. Copyright Office and is the owner of U.S. Copyright (Registration No.VA 1 163 619) in connection therewith. See Mr. Tomelleri's Copyright Registration for his Copyrighted Work attached hereto as Exhibit A and expressly incorporated herein.

28. Plaintiff retains full and exclusive ownership over the Work.

## DEFENDANTS' BACKGROUND

29. DMB or an affiliated entity at some point before 1996 elected to acquire approximately 906 acres of undeveloped real estate near Truckee, California to build a residential golfing community.

30. DMB or an affiliated entity formed Lahontan, LLC as the legal entity to own title to this project.

31. The land was developed into approximately 500 residential lots, an 18-hole golf course, a separate par 3 course, restaurants, and other amenities.

32. DMB or an affiliated entity also formed two other legal entities to conduct business relative to this property; they are: (1) Lahontan Golf Club, Inc., which owns and operates a golf and other amenities club and (2) Lahontan Realty, Inc. d/b/a Lahontan Realty, which markets and sells the developed lots and homes. At some point after acquisition of the real

estate, DMB is believed to have succeeded to some or all of the rights of Lahontan, LLC in the Lahontan development.

33. DMB and the other Defendants have for many years used derivative works of Plaintiff's Lahontan cutthroat illustration as logos to advertise their business.

34. All of the Defendants participated in the real estate development and used and benefitted from the logos containing a copy of the Work.

35. At least one of the Defendants or its agents had access to the Sierra Trout Guidebook, where the Work was published, at the time their first logo was created.

36. At least one of the Defendants or its agents created a logo for the Lahontan development using a derivative of the Work.

37. Defendants also use various wording in their logos to add specificity, such as "LAHONTAN GOLF CLUB." and "LAHONTAN REALTY."

38. Different variations of the infringing logo have existed and been used by Defendants, but all incorporate the derivative of the Work and usually include the word "LAHONTAN" (the "Infringing Images").

39. Defendant Lahontan LLC filed for a number of trademark applications with the United States Patent and Trademark Office for some of the Infringing Images that matured into trademark registrations that are still active today (see, e.g., Reg. Nos. 2,257,595; Reg. No. 2,272,684; Reg. No. 2,188,920).

**DEFENDANTS' INFRINGING USE OF PLAINTIFF'S LAHONTAN CUTTHROAT**

40. Defendants have used the Infringing Images on nearly everything associated with the Lahontan development.

41. Defendants acted together and in concert and there are many instances of infringement for which all Defendants are directly liable.

42. Defendants use and have used the Infringing Images extensively in advertising and promotional materials.

43. Specifically, Defendants use and have used at least one of the Infringing Images on promotional brochures, videos, flyers, and images.

44. In order to advertise and promote their goods and services, Defendants use and have used one or more of the Infringing Images on their websites, including www.dmbinc.com, www.lahontangolf.com, and www.lahontanrealty.com.

45. Defendants use and have used one or more of the Infringing Images in connection with selling real estate in Lahontan.

46. Defendants use and have used one or more of the Infringing Images in connection with selling the residential lots in Lahontan.

47. Defendants use and have used one or more of the Infringing Images for signage in connection with their buildings.

48. LGC uses and has used one or more of the Infringing Images in connection with selling golf and social memberships.

49. LGC uses and has used one or more of the Infringing Images on products sold at the Golf Club and online, including on apparel, the tags of apparel, golf bags, golf balls, and other goods and services.

50. LGC uses and has used one or more of the Infringing Images on golf scorecards.

51. On information and belief, LGC uses and has used one or more of the Infringing Images in connection with selling food, beverages, and other concessions, including but not limited to, using the Infringing Images on the menu, on napkins, on coasters, and on koozies.

52. Defendants are believed to have also used one or more of the Infringing Images in connection with the marketing and sale of numerous additional products and services.

53. Before discovering the Infringing Images, Plaintiff was unaware of anything that would reasonably lead Plaintiff to know of Defendants' infringing conduct.

54. Plaintiff discovered the Infringing Images in mid-October of 2018.

55. Plaintiff thereafter notified Defendants and others by letter dated October 24, 2018 of their infringing use of his Work.

56. An attorney for Defendant responded to the notice by alleging that an ad agency (no longer in business) independently created the alleged Infringing Images.

57. Plaintiff investigated the contention for several months and determined it untrue.

58. Based on Plaintiff's date of discovery of the infringement, this matter is properly filed within the statute of limitations.

59. Defendants are liable for their infringing uses of the Work.

60. Furthermore, Defendants' infringing use continues.

## COUNT I - COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501 – All Defendants)

61. Plaintiff incorporates the allegations set forth in the paragraphs 1 through 60 as if fully set forth herein.

62. Plaintiff is the sole and exclusive owner of the Work.

63. Defendants have infringed the Work by creating derivative works of the Work.

64. Defendants have infringed the Work by, among other things, displaying, reproducing, and/or distributing the Work every single time they have used one of the Infringing Images, including on their website, on products, on advertising and promotional material, and all other uses.

65. Defendants had access to the Work at the time their logo was created.

66. The Infringing Images used by Defendants are substantially similar to the Work.

67. The Infringing Images used by Defendants are strikingly similar to the Work.

68. Defendants have infringed the Work by distributing the Work and its derivatives through the sale of products bearing the Infringing Images.

69. Plaintiff has not authorized any of the above actions and has not authorized Defendants to use the Works in any manner whatsoever.

70. Defendants' actions continue to infringe upon Plaintiff's rights to the copyrighted Works.

71. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement under the Copyright Act.

72. Plaintiff seeks Defendants' direct and indirect profits attributable to the infringement from Defendants' infringing conduct and use of the Infringing Images pursuant to 17 U.S.C. § 504(b).

73. Alternatively, Plaintiff is also entitled, at its election, to statutory damages pursuant to 17 U.S.C. § 504(c) for any separately accrued infringement by Defendants occurring after Plaintiff's registration of the Work.

### COUNT II - CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (All Defendants)

74. Plaintiff incorporates the allegations set forth in paragraphs 1 through 60 as if fully set forth herein.

75. Each Defendant is directly liable for copyright infringement, as described herein.

76. To the extent that any Defendant did not directly copy or commit the infringing acts, such defendant is at least liable as a contributory infringer.

77. Defendants developed a plan in which they would all use the derivative of the Work as their logos in order to generate goodwill and create a uniform brand for the entire Lahontan development.

78. Defendants knowingly induced and materially contributed to the copyright infringements of each other.

79. All Defendants had knowledge, or had reason to know, of the other Defendants' use of the Infringing Images.

80. Each Defendant is contributorily liable for the infringements of the other Defendants.

81. Plaintiff is entitled to Defendants' direct and indirect profits attributable to the infringement from Defendants' contributory infringing conduct and from use of the Infringing Images pursuant to 17 U.S.C. § 504(b).

82. Plaintiff is also entitled, at its election, to statutory damages pursuant to 17 U.S.C. § 504(c) for any separately accrued contributory infringement by Defendants occurring after Plaintiff's registration of the Work.

### COUNT III - VICARIOUS COPYRIGHT INFRINGEMENT
### (All Defendants)

83. Plaintiff incorporates the allegations set forth in paragraphs 1 through 60 as if fully set forth herein.

84. Each Defendant is directly liable for copyright infringement, as described herein.

85. One or more the Defendants is at least liable as a vicarious infringer of Plaintiff's copyrighted Work.

86. Defendants developed a plan in which they would all use the derivative of the Work as their logos in order to generate goodwill and create a uniform brand for the entire Lahontan development.

87. One or more Defendants had the right and ability to control the activity of one or more of the other Defendants.

88. Each Defendant profited from the infringements of the other Defendants.

89. Plaintiff is entitled to Defendants' direct and indirect profits from Defendants' vicarious infringing conduct and from the Infringing Images pursuant to 17 U.S.C. § 504(b).

90. Plaintiff is also entitled, at his election, to statutory damages pursuant to 17 U.S.C. § 504(c) for any separately accrued contributory infringement by Defendants occurring after Plaintiff's registration of the Work.

## RELIEF REQUESTED

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendants as follows:

a. Under 17 U.S.C. § 502, grant temporary and final injunctions against Defendants on such terms as it deems reasonable to prevent or restrain infringement of Plaintiff's copyright.

b. Under 17 U.S.C. § 503, order the impounding and ultimate destruction, on such terms as it may deem reasonable, of any records or material involved in Defendants' copyright infringement.

c. Under 17 U.S.C. § 504(b), award to Plaintiff all gross profits of Defendants that are attributable to the infringement.

d. Under 17 U.S.C. § 504(c), award to Plaintiff, at Plaintiff's election, statutory damages.

e. Under the theory of contributory liability, order that each Defendant be required to pay the damages for infringements which that Defendant is contributorily liable.

f. Under the theory of vicarious liability, order that each Defendant be required to pay the damages for infringements which that Defendant is vicarious liable.

g. Under 17 U.S.C. § 505, award costs to Plaintiff;

h. Under 17 U.S.C. § 505, as the prevailing party in a Copyright lawsuit, award to Plaintiff its reasonable attorney's fees.

i. Awarding Plaintiff all available pre-judgment and post-judgment interest on all amounts of any judgment; and

j. Grant to Plaintiff such further relief as may be equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues triable to a jury.

Dated: May 21, 2020                          Respectfully submitted,

**KUNZLER BEAN & ADAMSON, PC**

11

**COMPLAINT**

1
2  /s/ Matthew R. Lewis
   MATTHEW R. LEWIS (Bar No. 324812)
3  mlewis@kba.law
   **KUNZLER BEAN & ADAMSON, PC**
4  4225 Executive Square, Suite 600
   La Jolla, CA 92037
5  Telephone:     (619) 365-9110

6

7  PERRY S. CLEGG (*pro hac vice* forthcoming)
   pclegg@kba.law
8  RYAN BELL (*pro hac vice* forthcoming)
   rbell@kba.law
9  **KUNZLER BEAN & ADAMSON, PC**
   50 W. Broadway, Suite 1000
10 Salt Lake City, UT  84101
   Telephone: (801) 994-4646
11

12 STEVEN H. MUSTOE (*pro hac vice* forthcoming)
   SCOTT J. STROHM (*pro hac vice* forthcoming)
13 **EVANS & DIXON, LLC**
   10851 Mastin Boulevard, Suite 900
14 Overland Park, KS 66210
   T: 913.701.6810 | F: 913.341.2293
15 copyright@evans-dixon.com

16 *Attorneys for Plaintiff Joseph Tomelleri*

17
18
19
20
21
22
23
24
25
26
27
       12
28 **COMPLAINT**