UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. TOMELLERI,<br><br>Plaintiff,<br><br>v.<br><br>DMB ASSOCIATES, INC.; DMB DEVELOPMENT, LLC; DMB/HIGHLANDS GROUP, LLC; LAHONTAN, LLC; LAHONTAN GOLF CLUB; DMB REALTY, INC.; MARTIS CAMP REALTY, INC.,<br><br>Defendants. | No. 2:20-cv-01035-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendant Martis Camp Realty, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 31.) Plaintiff Joseph R. Tomelleri ("Plaintiff") filed an opposition. (ECF. No. 51.) Defendant filed a reply. (ECF No. 52.) For reasons set forth below, the Court DENIES Defendant's motion to dismiss.

///

///

///

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a fish artist and illustrator. (ECF No. 1 at 2.) On May 21, 2020, Plaintiff filed a complaint, alleging copyright infringement of his illustration of a Lahontan cutthroat trout. (*Id.*) The illustration appears as follows:



Plaintiff alleges the image is comprised of numerous original patterns, arrangements, and combinations of creative elements including original arrangements of spotting patterns, fins, and body position. (*Id.*) Plaintiff alleges Defendant used his illustration to create a brand logo to advertise and market its golf club development located in the North Lake Tahoe area. (*Id.* at 3.) The logo at issue appears as follows:



All the other Defendants in this action have filed answers. (*See* ECF Nos. 20–24, 32.) On October 10, 2020, Defendant filed a motion to dismiss. (ECF No. 31 at 2.) On November 19, 2020, Plaintiff filed an opposition. (ECF No. 51.) On December 3, 2020, Defendant filed a reply. (ECF No. 52.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the...laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

3

1     Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[ ] [his or her] claims...across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

    If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).///

### III.   ANALYSIS

    To establish a successful copyright infringement claim, a plaintiff must allege (1) the plaintiff owns a valid copyright and (2) the defendant copied protected elements of the plaintiff's work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Copying may be established by showing the defendant had access to the plaintiff's copyrighted work and the works at issue are substantially similar. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (citing *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990)). Here, the sole issue is whether the works at issue are substantially similar. (*See* ECF No. 31-1 at 8, ECF No. 51 at 9.)

    To determine whether works are substantially similar, the 9th Circuit applies a two-part analysis: (1) the extrinsic test and (2) the intrinsic test. *Unicolors, Inc. v. Urban Outfitters, Inc.*,

853 F.3d 980, 985 (9th Cir. 2017).  At the pleading stage, courts consider only the extrinsic test because the intrinsic test is reserved for the jury.  *See Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018).  The extrinsic test requires the plaintiff to compare specific articulable elements between the two works to show similarities.  *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 848 (9th Cir. 2012) (internal quotation marks and citation omitted).  There are three steps in the extrinsic test: (1) identifying which shared elements of the plaintiff's work are protectable; (2) determining the breadth of copyright protection of those protectable elements; and (3) comparing the identified protectable elements to the corresponding elements in the defendant's work to assess the similarity.  *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018), *overruled in part by Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020); *see also Express, LLC v. Fetish Group, Inc.*, 424 F. Supp. 2d 1211, 1228 (N.D. Cal. Mar 23, 2006).  The Court will address each step in turn.

          A.     Step One: Shared Protectable Elements

Defendant argues the only protectable elements are the "highly-specific patterns of spot and coloration used." (ECF 31-1 at 13.)  In opposition, Plaintiff broadly argues his work contains "numerous original patterns, arrangement and combinations of creative elements including original arrangements of spotting patterns, fin and body positions, and other original artistic features." (ECF No. 51 at 8.)

Elements found in nature may not be protected individually because they are "first expressed in nature, are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them." *Satava v. Lowry*, 323 F.3d 805, 813 (9th Cir. 2003).  There are two exceptions.  *See id.* at 811–12.  First, an artist may protect the unique expression of an element in nature if such variation is an original artistic choice.  *See id.* at 812.  However, that original artistic choice will have a thin copyright protection.  *Id.*  Second, an original selection, coordination, and arrangement of unprotectable natural elements may be protectable expression.  *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 952 (9th Cir. 2019) (citations omitted).  For a combination of unprotectable elements to be eligible for copyright protection, those elements must be "numerous enough and their selection and arrangement original enough

that their combination constitutes an original work of authorship." *Satava*, 323 F.3d at 811.

In *Satava*, the court found the plaintiff's realistic glass-in-glass jellyfish sculptures were not protectable by copyright. *Id.* at 807. The court ruled the plaintiff's combination of unprotectable elements — such as "selection of the clear glass, oblong shroud, bright colors, proportion, vertical orientation, and stereotyped jellyfish form" — fell short of the requisite numerosity and originality standard for copyright protection. *Id.* at 811. The court reached this conclusion by comparing "dozens of photographs of glass-in-glass jellyfish sculptures in the record" and finding they were all substantially similar, only differing with an addition or omission of a standard element. *Id.* at 812 n.5. However, the court acknowledged the plaintiff had some copyrightable contributions: "the distinctive curls of particular tendrils; the arrangement of certain hues; the unique shape of jellyfishes' bells." *Id.* at 812. The court emphasized that such contributions were few and the scope of copyright was narrow. *Id.*

Here, Plaintiff's illustration and Defendant's logo seem to share the following elements: (1) the spotting patterns; (2) fin, tail, and body positions; (3) mouth and eye positions; (4) proportions; (5) outline; and (6) angle. (*See* ECF No. 31-1 at 12, ECF No. 51 at 5–6.) The parties agree the "highly-specific patterns of spot and coloration used" are protected elements. (*See* ECF No. 31-1 at 13, *see* ECF No. 51 at 8.) The parties disagree on whether the remaining elements are protectable. (*See* ECF No. 31-1 at 12, ECF No. 51 at 5–6.)

Viewing the pleadings in the light most favorable to Plaintiff, the Court finds Plaintiff has plausibly alleged that — in addition to the undisputed protectability of the spotting pattern — the combination of the contested elements is also protectable. Compared to the jellyfish sculptures in *Sataya*, the unprotected elements in this case are more numerous and their combination more original. They are more numerous because in comparison to the jellyfish sculptures' contested elements (oblong shroud, bright colors, proportion, vertical orientation, and stereotyped jellyfish form) there are more elements here (unique spotting, fin position, tail position, body position, mouth position, eye positions, proportions, outline, and angle). *Satava* 323 F.3d at 811; (*see also* ECF No. 31-1 at 12, ECF No. 51 at 5–6.) To show that the combination of the elements is more original than the jellyfishes in *Sataya*, Plaintiff submits various illustrations of Lahontan cutthroat

fish showing the differences and variety in expression. (*See* ECF No. 51 at 17–18.) Therefore, at this early stage, the Court finds Plaintiff has adequately pleaded that the spotting patterns and combined unprotected elements are protectable. *See Satava*, 323 F.3d at 813 ("An artist may vary the pose, attitude, gesture, muscle structure, facial expression, coat, or texture of an animal. An artist may vary the background, lighting, or perspective. Such variations, if original, may earn copyright protection.").

### B.  Step Two: Breadth of Copyright

Defendant argues Plaintiff's work deserves only a "thin" copyright because the work is a realistic depiction of an object found in nature and there is a narrow range of expression of fish. (ECF No. 31-1 at 10; ECF No. 52 at 6.) Plaintiff argues the work is entitled to a broad copyright protection because of the numerous creative decisions made when illustrating the fish, and there is a wide range of expression for the idea of a fish. (ECF No. 51 at 9, 13.)

There can be "broad" and "thin" copyright protection based on "the range of expression" involved. *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913–14 (9th Cir. 2010). "If there's a wide range of expression . . . , then copyright protection is 'broad' and a work will infringe if it's 'substantially similar' to the copyrighted work." *Id.* (citation omitted). On the other hand, "[i]f there's only a narrow range of expression . . . , then copyright protection is 'thin' and a work must be 'virtually identical' to infringe." *Id.* at 914 (citation omitted). For example, there are numerous ways to make an "aliens-attack movie," but "there are only so many ways to paint a red bouncy ball on blank canvas." *Id.* at 913–14. The former deserves broad copyright protection, the latter merits thin copyright protection. *See id.*

Realistic depictions of live animals can be protected by copyright, but the scope of copyright protection is narrow. *See Satava*, 323 F.3d at 812. This is because realistic depictions of animals are first depicted by nature, so artistic choices and variations are narrow unless they are not governed by the animal's physiology. *See id.*; *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 741 (9th Cir. 1971) ("Any inference of copying based upon similar appearance lost much of its strength because both [works] were lifelike representations of a natural creature."); *see also Alpi Int'l, Ltd. v. Anga Supply, LLC*, 118 F. Supp. 3d 1172, 1177

1  (N.D. Cal. Aug. 5, 2015) (stating "[because] toy animals appear to be 'approximately true to
2  life'" the range of possible expression is limited).  Therefore, to the extent Plaintiff has plausibly
3  alleged his illustration consists of elements eligible for copyright protection, such protection
4  would be thin.

            C.      Step Three: Virtual Identity

6       Defendant argues there is no substantial similarity between Plaintiff's work and the logo
7  because of the differing colors, spotting patterns, body tops, and other numerous differences.
8  (ECF No. 31-1 at 13, ECF No. 52 at 5.)  Plaintiff argues the images at issue are virtually identical
9  in their "proportions, outline, angle, spotting, most of the fin positions, the eye, and mouth
10 opening," as shown by overlaying the two images.  (ECF No. 51 at 5–6, 14.)

11      "Virtual identity" is the standard for assessing thin copyright infringement.  *Apple
12 Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1439 (9th Cir. 1994) ("When the range of
13 protectable and unauthorized expression is narrow, the appropriate standard for illicit copying is
14 virtual identity."); *Satava* 323 F.3d at 812 (glass-in-glass jellyfish sculpture only entitled to thin
15 protection against virtually identical copying due to the narrow range of expression).  This
16 standard of infringement, "virtual identity," determined at the extrinsic stage, is later applied at
17 the intrinsic stage and is a question for the jury.  *Mattel, Inc.*, 616 F.3d at 914.  In addition, virtual
18 identity is not precisely defined.  Rather, it is defined by the subjective observer.  *Berkla v. Corel
19 Corp.*, 66 F. Supp. 2d 1129, 1144 (E.D. Cal. Sept. 9, 1999).  However, the standard will be
20 satisfied "at short of photographic reproduction."  *Id.*

21      For purposes of this instant motion, the question is: When comparing the similarities in
22 the contested elements (as determined in step one) could a reasonable juror find the two works are
23 virtually identical?  *See Alpi Int'l, Ltd.*, 118 F. Supp. 3d at 1179; *see also Berkla*, 66 F. Supp. 2d
24 at 1144.

25      In *Express*, the court ruled that two works, lace camisoles, were virtually identical.
26 *Express, LLC*, 424 F. Supp. 2d at 1228–29.  Although there were certain discrete areas where the
27 lace patterns varied slightly and were not identical, "when viewed on the [works] themselves, the
28 slight discrepancies between the lace patterns are eclipsed by the almost total likeness in the

8

arrangement and placement of the designs on the [works]." *Id.* (citations omitted); *see L.A. Printex Indust.*, 676 F.3d at 848 ("A rational jury could find that despite some differences between Defendants' design and C30020, the similarities in the selection, coordination, and arrangement of bouquets and three-leaf branches are sufficiently substantial to support an inference of copying.").

As in *Express, LLC*, there are certain differences between the two works here — slight differences in the spotting pattern, fin position, and certain other lines. (ECF No. 52 at 5, *see* ECF No. 51 at 6.)  However, Plaintiffs have plausibly alleged that when the two works are overlayed, the slight differences are arguably eclipsed by the likeness in arrangement and placement of the elements, both protected and unprotected. (ECF No. 51 at 6.)  This is further supported by Defendant's logo being overlayed on other illustrations of Lahontan cutthroat fish with far less of a likeness. (*Id.* at 18.)  The Court accordingly finds that at this early stage, Plaintiff has adequately pleaded virtual identity to survive dismissal of its copyright infringement claims against Defendant.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss. (ECF No. 31.) Defendant's answer is due not later than twenty-one (21) days from the electronic filing date of this Order.

IT IS SO ORDERED.

DATED:  September 28, 2021

                                      Troy L. Nunley
                                      United States District Judge